## BREACH OF WARRANTY TO PAY INCUMBRANCES.

Circuit Court of Cuyahoga County.

JAMES R. BELL, TRUSTEE, v. W. H. MAHAFFEY ET AL.

Decided, June 1, 1908.

*Justice Court Jurisdiction—Error to Common Pleas—Petition in Error Can Not Supply Missing Word.*

Where the bill of particulars filed before a justice of the peace recites that the claim is for "breach of warranty to pay incumbrances," and there is no bill of exceptions, showing that the warranty was as to incumbrances on real estate, it will be assumed that they were upon personal property and that the justice had jurisdiction of the case; and the record can not be helped out by allegations in the petition in error filed in the common pleas court seeking a reversal of the judgment of the justice on the ground that he did not have jurisdiction of the action.

*Vernon H. Burke,* for plaintiff in error.
*Brady & Dowling,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff in error sued defendant in error before a justice of the peace for "breach of warranty to pay incumbrances" and had judgment. Defendant in error thereupon filed a petition in error in the common pleas court to reverse said judgment, alleging that the justice was without jurisdiction in the case because it drew in question the title to real estate.

There was no bill of exceptions filed with the petition in error, and, as the bill of particulars filed in the justice's court does not disclose whether the warranty sued upon was for the payment of incumbrances upon real or personal property, the only question now for consideration is whether the fact that it was with

regard to real estate could be brought before the common pleas court by an allegation to that effect in the petition in error and the introduction of evidence in the common pleas court to sustain that allegation of the petition in error.

The common pleas court held that such allegation in the petition in error was proper, received evidence thereunder, and reversed the judgment of the justice of the peace. In this we think the common pleas court erred.

While it is true that Section 6709, Revised Statutes, regulating proceedings in error from the common pleas court to the circuit court provides that the circuit court may reverse the common pleas court "for errors appearing upon the record," and Section 6708 regulating error to the common pleas court from a probate court, justice of the peace, or any other tribunal, board, or officer exercising judicial functions, and inferior to the court of common pleas, omits the words quoted, still the Supreme Court has not deemed the omission of said words significant, for it held, in the case of *Roberts, Executor,* v. *Roberts, Jr.,* 61 O. S., 96, a case carried into the common pleas court by petition in error from the judgment of the probate court, that "Nothing can be added to or taken from a record by averment in a petition in error, and extrinsic facts pleaded in such a petition do not form any part of the record sought to be reversed."

Most assuredly this rule should have been adhered to by the common pleas court in the case at bar. There being no record of the evidence introduced before the justice of the peace, it is quite possible that he received evidence showing that the warranty was made in the sale of personal property and none tending to show that it was with regard to real estate. If he did, he committed no error in entertaining jurisdiction of the case and so should not be reversed because of other or stronger evidence produced for the first time before the reviewing court. In this respect a petition in error differs from a bill in equity, and because the common pleas court disregarded this distinction its judgment is reversed and the judgment of the justice of the peace is affirmed.